# CASES

## SUPREME JUDICIAL COURT

## SOMERSET.

### JUNE TERM

### 1821.

---

#### MORRELL v. SYLVESTER.

Upon the choice of a collector of taxes, the town electing him may lawfully require sureties for the faithful discharge of his office.

And the refusal to find such sureties is a non-acceptance of the trust, even after the person chosen has taken the oath of office.

The penalty annexed by law to the refusal to accept a town office, does not extend to a collector of taxes.

*TRESPASS de bonis asportatis.* The defendant justified the taking as collector of taxes for the town of *Avon.* The cause was brought into this Court by appeal from the Circuit Court of Common Pleas, after the filing of exceptions there in a summary manner, pursuant to *Stat.* 1817. *ch.* 185.

It appeared that the town of *Avon*, at the annual meeting in *March* 1819, elected *John Matthews* as constable and collector of taxes for that year, and voted to accept two persons named as his bondsmen ;—that *Matthews* was thereupon sworn to the due discharge of the office ;—that one of the persons named as bondsman was present and assented to his designation as such ;—but that afterwards both the persons thus nominated and accepted as sureties refused to become bound ;—that thereupon a new town meeting was called in *June* 1819, " to choose a collector in the room of *John Matthews*, whose bondsmen refused to stand, or accept other bondsmen, if said *Matthews* shall offer them ;"—at which meeting *Matthews* refusing to find sure-

Morrell *v.* Sylvester.

ties, the defendant was chosen constable and collector in his stead, and duly sworn as such;—that the taxes for that year being legally assessed, the bills, with proper warrants, were committed to the defendant to collect, by virtue of which he distrained the plaintiff's goods, which he afterwards advertised and sold in the forms of law. Upon these facts the Court below ruled that the defendant was legally chosen collector, to which opinion the plaintiff excepted.

*Boutelle and Cutler for the plaintiff.* The powers of towns are defined by the *Stat.* 1785, *ch.* 75. *Stetson v. Kempton,* 13 *Mass.* 278. This statute authorizing them to choose their town officers in the months of *March* or *April* annually, an election in any other month is by necessary implication excluded. No injury results to the public by this construction, because *Stat.* 1785. *ch.* 70. provides that if the collector chosen refuse to serve, the taxes shall be collected by the constable, and if the town neglect to choose a collector or constable, the public taxes shall be collected by the sheriff of the county, or his deputy.

It is true that the *Stat.* 1785. *ch.* 75. authorizes the town, at any legal meeting, to fill a vacancy occasioned by non-acceptance, or by the incumbent's death, removal, or becoming *non compos ;* but in the present case no such vacancy has happened. The collector *Matthews* having been duly chosen and sworn, and always ready to execute the office, it was not in the power of the town to deprive him.

If it be urged that his election was upon condition of finding sureties, it may be replied that the condition was illegally imposed; the law having affixed a penalty upon the refusal to accept the office. It would be an unreasonable severity, if the person chosen collector must be subject to a penalty for not serving, when the very reason of his refusal may be that he is unable to obtain sureties to the satisfaction of the town. But if they had the right to demand sureties, it was their duty to have required the execution of the bond at the time of election. This right, however, is waived by admitting the collector to the oaths of office.

*Greenleaf* and *H. Belcher, for the defendant* insisted on the following points.

1. That as towns are bound by law to respond, at the treasury of the State, for all deficiences of their collectors, it was reasonable that they should protect themselves by requiring sufficient bonds of the persons entrusted with the collection of their money ; and hence it had been so adjudged in *Smith v. Crooker,* 5 *Mass.* 539.

2. That the refusal to give bond was a non-acceptance of the office ; the first election being made on condition of the collector's finding sureties to the satisfaction of the town.

3. That the penalty annexed by law to the refusal to accept certain town offices, applied to offices of no profit, but not to the office of collector, who is usually paid a fixed premium upon the amount of the money collected.

And THE COURT being of opinion with the defendant upon each of these points, the judgment of the Court below was therefore affirmed.